11-1370-ag
Lin v. Holder

BIA
A076 515 153

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of June, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        JOSEPH M. McLAUGHLIN,
        REENA RAGGI,
        *Circuit Judges.*

_____

SHING LIN, AKA SHEN LIN,
      *Petitioner,*

     v.                       11-1370-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Theodore N. Cox, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shing Lin, a native and citizen of China, seeks review of a March 22, 2011, order of the BIA denying his motion to reopen his removal proceedings. *In re Shing Lin*, No. A076 515 153 (B.I.A. Mar. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Lin's 2010 motion to reopen as untimely, as he filed it nearly eight years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, *id.* § 1229a(c)(7)(C)(ii), as the BIA concluded, only Lin's personal circumstances had changed, as his claim was based on the fact that he joined the Chinese Democratic Party in 2008 while in the United States, *see Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Moreover, the BIA

2

reasonably declined to give weight to Lin's evidence. *See Jian Hui Shao v. BIA*, 465 F.3d 497, 501 (2d Cir. 2006) (holding that this Court generally defers to the agency regarding the weight of evidence).

The BIA also reasonably determined that Lin failed to demonstrate any change in China, because the evidence showed that current conditions were similar to those at the time of his original hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk